Sidney A. Pine, J.
The question of construction presented here is whether Shirley Boyce, adopted by Thomas Dickson, deceased, in 1933, almost 16 years after the execution of the trust agreement, is included within his “ issue per stirpes ” within the meaning of paragraph “ second” of the agreement and, therefore, entitled to share in the corpus distributable to the settlor’s issue per stirpes upon the death of the settlor’s second wife without being survived by lawful issue of her marriage to the settlor.
In Matter of Ricks (12 A D 2d 395, affd. 10 N Y 2d 231) the Appellate Division in this Department declared that (pp. 396-397) “ In general a limitation in favor of £ issue ’ or £ descendants ’ will be construed to include only persons who have a blood relationship to the ancestor. * * * It is only when the instrument by its context indicates a contrary intention, or properly considered extraneous facts point to a different conclusion, that the words £ issue ’ and £ descendants ’ will be held to include adopted children.” No evidence of extraneous facts is submitted to show that the settlor intended to include adopted children as £ £ issue ’ ’ of deceased children of his first marriage. The adoption here, unlike that in Matter of Upjohn (304 N. Y. 366), took place long after the execution of the trust agreement and was not known to the settlor at the time. Cases such as Matter of Day (10 A D 2d 220) and Matter of Ward (9 A D 2d 950, affd. 9 N Y 2d 722) are clearly distinguishable (see discussion of those cases in Matter of Ricks, supra, pp. 396-397).
Nor is there anything in the language of the trust agreement itself to indicate an intent to include adopted children. The provision that the settlor’s second wife was to share in the corpus, if she survived the settlor and there also survived lawful issue of the second marriage, is no indication whatever that, if she died without such issue of the marriage, adopted children of the settlor’s children were intended to share the corpus with natural children of the settlor. The same observation is applicable to the provision that if the second wife survived the settlor, without lawful issue of her marriage to him, and then remarried, she was to share in the corpus. The cases relied *1002 upon by the attorney for the adopted child are clearly distinguishable.
The court accordingly construes the trust agreement as limiting the issue per stirpes of the settlor’s children by his first marriage to natural children and as not including adopted children.